# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

AMANDA NASON,
   **Plaintiff,**

  v.         **Case No. 25-cv-199**

**MRS. MYERS' EDUCATION SERVICES
INC. D/B/A MRS. MYERS' LEARNING LAB,**
  **and**
**TAMMY MYERS**
   **Defendants.**

## COMPLAINT

## JURISDICTION AND VENUE

1.  The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2.  Venue is proper in the United States District Court for the Milwaukee District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3.  Plaintiff Amanda Nason ("Plaintiff") is an adult resident of Racine County in the State of Wisconsin.

4. Defendant Mrs. Myers' Education Services Inc. (hereinafter "Mrs. Myers"), is a domestic corporation with its principal place of business at 2335 South Green Bay Road, Racine, WI, 53406.

5. On information and belief, Defendant Mrs. Myers does $500,000 or more in business annually.

6. Defendant Mrs. Myers's registered agent for service of process in the State of Wisconsin is Tammy Myers located at 724 S. Fancher Rd., Mount Pleasant, WI, 53406.

7. Defendant Tammy Myers (hereinafter "Myers") is an adult resident of Wisconsin residing at 724 S. Fancher Rd., Mount Pleasant, WI, 53406.

8. On information and belief, Myers owns Mrs. Myers. As such, Myers acted directly or indirectly in the interest of Mrs. Myers in relation to Plaintiff.

9. Defendant Mrs. Myers and Defendant Myers were joint employers of Plaintiff and will be collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendants as a Vice President of Student success from June 20, 2022, through October 4, 2024.

11. Defendants agreed to pay Plaintiff on a salary basis at $130,000.00 per year.

12. Defendants paid Plaintiff a semi-monthly payment of $5,416.67.

2

13. For work performed by Plaintiff during the pay period of April 15 to April 30, 2024, for which payday was May 20, 2024, Defendants paid Plaintiff $3,416.67, thereby failing to pay Plaintiff $2,000.00 in agreed upon wages.

14. For work performed by Plaintiff during the pay period of May 1 to May 14, 2024, for which payday was June 5, 2024, Defendants paid Plaintiff $100.00, thereby failing to pay Plaintiff $5,316.67 in agreed upon wages. Because Plaintiff worked more than 15 hours during this pay period, Defendants failed to pay Plaintiff minimum wage for those hours worked during this pay period.

15. For work performed by Plaintiff during the pay period of May 15 to May 31, 2024, for which payday was June 20, 2024, Defendants paid Plaintiff $100.00, thereby failing to pay Plaintiff $5,316.67 in agreed upon wages. Because Plaintiff worked more than 15 hours during this pay period, Defendants failed to pay Plaintiff minimum wage for those hours worked during this pay period.

16. For work performed by Plaintiff during the pay period of June 1 to June 14, 2024, for which payday was July 5, 2024, Defendants paid Plaintiff $100.00, thereby failing to pay Plaintiff $5,316.67 in agreed upon wages. Because Plaintiff worked more than 15 hours during this pay period, Defendants failed to pay Plaintiff minimum wage for those hours worked during this pay period.

17. For work performed by Plaintiff during the pay period of June 15 to June 30, 2024, for which payday was July 20, 2024, Defendants paid Plaintiff $100.00, thereby failing to pay Plaintiff $5,316.67 in agreed upon wages. Because

3

Plaintiff worked more than 15 hours during this pay period, Defendants failed to pay Plaintiff minimum wage for those hours worked during this pay period.

18. For work performed by Plaintiff during the pay period of July 1 to July 14, 2024, for which payday was August 5, 2024, Defendants paid Plaintiff $100.00, thereby failing to pay Plaintiff $5,316.67 in agreed upon wages. Because Plaintiff worked more than 15 hours during this pay period, Defendants failed to pay Plaintiff minimum wage for those hours worked during this pay period.

19. For work performed by Plaintiff during the pay period of July 15 to July 31, 2024, for which payday was August 20, 2024, Defendants paid Plaintiff $100.00, thereby failing to pay Plaintiff $5,316.67 in agreed upon wages. Because Plaintiff worked more than 15 hours during this pay period, Defendants failed to pay Plaintiff minimum wage for those hours worked during this pay period.

20. For work performed by Plaintiff during the pay period of August 1 to August 14, 2024, for which payday was September 5, 2024, Defendants paid Plaintiff $100.00, thereby failing to pay Plaintiff $5,316.67 in agreed upon wages. Because Plaintiff worked more than 15 hours during this pay period, Defendants failed to pay Plaintiff minimum wage for those hours worked during this pay period.

21. For work performed by Plaintiff during the pay period of August 15 to August 31, 2024, for which payday was September 20, 2024, Defendants paid Plaintiff $3,680.00, thereby failing to pay Plaintiff $1,636.67 in agreed upon wages.

4

22.     For work performed by Plaintiff during the pay period of September 1 to September 14, 2024, for which payday was October 5, 2024, Defendants paid Plaintiff $500.00, thereby failing to pay Plaintiff $4,916.67 in agreed upon wages.

23.     For work performed by Plaintiff during the pay period of September 15 to September 30, 2024, for which payday was October 20, 2024, Defendants paid Plaintiff $500.00, thereby failing to pay Plaintiff $4,916.67 in agreed upon wages.

24.     For work performed by Plaintiff during the pay period of October 1 to October 3, 2024, for which payday was November 5, 2024, Defendants paid Plaintiff $0.00, thereby failing to pay Plaintiff $1,083.33 in agreed upon wages.

25.     In her role for Defendants, Plaintiff designed, created, implemented the instructional curriculum. In doing so, Plaintiff worked using Adobe InDesign accessing data stored on servers outside of Wisconsin using the Internet. Plaintiff also used email and other internet and cloud-based services numerous times throughout each workday for Defendants. The internet is an instrumentality of commerce. Therefore, Plaintiff engaged in interstate commerce.

26.     Plaintiff regularly worked approximately sixty hours each workweek. Between April 15, 2024, and October 3, 2024, Defendants failed to pay Plaintiff on a salary basis and therefore failed to pay Plaintiff overtime premium compensation for each hour worked by Plaintiff during this period.

27.     Defendant Myers had and continues to have control over the day-to-day operations of Mrs. Myers.

28. Defendant Myers had and continues to have control over the human resources and compensation aspects of Mrs. Myers, including those compensation policies and practices alleged herein as they relate to Plaintiff.

29. Defendant Myers determined the rates and methods of compensation for Plaintiff and determined that Plaintiff would not be paid her agreed upon wages, minimum wages, and/or overtime premium compensation for each hour worked since April 15, 2024.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

31. Defendants were an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

32. Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

33. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

34. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

35. Since April 15, 2024, Plaintiff was not exempt from the minimum pay requirements of the FLSA.

36. Defendants did not compensate Plaintiff at the applicable minimum wage since April 15, 2024.

6

37. The foregoing practice violates the FLSA.

38. Defendants' violation of the FLSA was willful.

39. Plaintiff suffered wage loss because of this violation.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

41. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

42. Since April 15, 2024, Plaintiff was not exempt from the overtime pay requirements of the FLSA.

43. Defendants did not pay Plaintiff overtime wages for work performed in excess of forty hours per week since April 15, 2024.

44. The foregoing practice violates the FLSA.

45. Defendants' violation of the FLSA was willful.

46. Plaintiff suffered wage loss because of this violation.

## THIRD CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. Defendants have been, and continue to be, employers within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2).

7

49. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 104.01(2) and 109.01(1r).

50. Wisconsin law requires employers to pay all non-exempt employees at a rate of not less than $7.25 per hour.

51. Plaintiff was not exempt from the minimum pay requirements of Wisconsin law since April 15, 2024.

52. Defendants did not compensate Plaintiff at the applicable minimum wage since April 15, 2024.

53. The foregoing practice violates Wisconsin law.

54. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

55. Plaintiff suffered wage loss because of this violation.

**FOURTH CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN**
**VIOLATION OF THE WISCONSIN LAW**

56. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

57. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

58. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

8

59.     Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

60.     Plaintiff was not exempt from the overtime pay requirements of Wisconsin law since April 15, 2024.

61.     Defendants did not pay Plaintiff overtime wages for work performed in excess of forty hours per week since April 15, 2024.

62.     The foregoing practice violates Wisconsin law.

63.     Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

64.     Plaintiff suffered wage loss because of this violation.

**FIFTH CLAIM FOR RELIEF:**
**FAILURE TO PAY AGREED UPON WAGES IN VIOLATION OF THE WISCONSIN LAW**

65.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

66.     Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. § 109.01(2).

67.     Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r).

68.     Wisconsin law requires an employer to pay employees all agreed upon wages.

69.     Defendants agreed to compensate Plaintiff at a rate of $130,000.00 per year, or $5,416.67 per pay period.

9

70. Defendants failed to compensate Plaintiff at the agreed upon rate for all hours worked by Plaintiff.

71. The foregoing practice violates Wisconsin law.

72. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

73. Plaintiff suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff demands the following relief:

A. Judgment against Defendants in an amount equal to unpaid wages at the applicable minimum, agreed-upon, and overtime rates owed to Plaintiff, as well as the damages Plaintiff suffered because of Defendants' failure.

B. An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated: February 7, 2025.

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Connor J. Clegg, SBN 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: (414) 271-8650
Fax: (414) 607-6079
Email:      ljohnson@hq-law.com
            cclegg@hq-law.com