AMANDA NASON,

    Plaintiff,

Case No. 25-cv-199

-vs-

MRS. MYERS' EDUCATION SERVICES INC.
d/b/a MRS. MYERS' LEARNING LAB and
TAMMY MYERS,

    Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MRS. MYERS'
EDUCATION SERVICES, INC. d/b/a MRS. MYERS' LEARNING LAB AND TAMMY
MYERS**

## JURISDICTION AND VENUE

1. Answering paragraph 1 of the Plaintiff's Complaint, Defendants aver that the allegations contained therein constitute a conclusion of law, and therefore deny and put Plaintiff to her proof.

2. Answering paragraph 2 of the Plaintiff's Complaint, Defendants aver that the allegations contained therein constitute a conclusion of law, and therefore deny and put Plaintiff to her proof.

3. Answering paragraph 3 of the Plaintiff's Complaint, upon information and belief, Defendants admit.

4. Answering paragraph 4 of the Plaintiff's Complaint, Defendants admit that Mrs. Myers' Education Services, Inc. (hereinafter "Mrs. Myers") is a Wisconsin

corporation, and deny that its principal place of business is located at 2335 South Green Bay Road.

5. Answering paragraph 5 of the Plaintiff's Complaint, Defendants admit.

6. Answering paragraph 6 of the Plaintiff's Complaint, Defendants admit.

7. Answering paragraph 7 of the Plaintiff's Complaint, Defendants admit.

8. Answering paragraph 8 of the Plaintiff's Complaint, Defendants admit that Tammy Myers is the sole shareholder of Mrs. Myers, and are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny.

9. Answering paragraph 9 of the Plaintiff's Complaint, Defendants admit Mrs. Myers employed Plaintiff in the past and deny that Plaintiff had any employer-employee relationship with Tammy Myers and Defendant Tammy Myers herewith denies any further allegations in the Complaint that she was at any time Plaintiff's employer.

## FACTUAL ALLEGATIONS

10. Answering paragraph 10 of the Plaintiff's Complaint, Defendants admit that Plaintiff was employed by Mrs. Myers in the past and deny all other allegations made in this paragraph.

11. Answering paragraph 11 of the Plaintiff's Complaint, Defendants admit that Plaintiff at one time during her past employment received an annual salary of $130,000.00 and aver that Plaintiff's compensation was significantly modified downward by agreement between Plaintiff and Mrs. Myers during the course of her employment.

12. Answering paragraph 12 of the Plaintiff's Complaint, Plaintiff's allegation is vague and does not refer to a specific time period during Plaintiff's employment with Mrs. Myers and Defendants are therefore without sufficient knowledge to form a belief as to the truth of the allegation contained in this paragraph, and therefore deny.

13. Answering paragraph 13 of the Plaintiff's Complaint, Defendants deny that Mrs. Myers failed to pay Plaintiff her agreed upon wage for the period indicated.

14. Answering paragraph 14 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages in excess of $5,000.00, as Plaintiff's compensation had previously been lowered by agreement between the two parties; Defendants further aver that Mrs. Myers paid the amount of wages to Plaintiff in an amount previously adjudicated by the Wisconsin Department of Workforce Development and deny all other allegations contained in this paragraph of the Complaint.

15. Answering paragraph 15 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages in excess of $5,000.00, as Plaintiff's compensation had previously been lowered by agreement between the two parties; Defendants further aver that Mrs. Myers paid the amount of wages to Plaintiff in an amount previously adjudicated by the Wisconsin Department of Workforce Development and deny all other allegations contained in this paragraph of the Complaint.

16. Answering paragraph 16 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages in excess of $5,000.00, as Plaintiff's compensation had previously been lowered by agreement between the two parties; Defendants further aver that Mrs. Myers paid the amount of wages to Plaintiff in an amount

previously adjudicated by the Wisconsin Department of Workforce Development and deny all other allegations contained in this paragraph of the Complaint.

17. Answering paragraph 17 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages in excess of $5,000.00, as Plaintiff's compensation had previously been lowered by agreement between the two parties; Defendants further aver that Mrs. Myers paid the amount of wages to Plaintiff in an amount previously adjudicated by the Wisconsin Department of Workforce Development and deny all other allegations contained in this paragraph of the Complaint.

18. Answering paragraph 18 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages in excess of $5,000.00, as Plaintiff's compensation had previously been lowered by agreement between the two parties; Defendants further aver that Mrs. Myers paid the amount of wages to Plaintiff in an amount previously adjudicated by the Wisconsin Department of Workforce Development and deny all other allegations contained in this paragraph of the Complaint.

19. Answering paragraph 19 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages in excess of $5,000.00, as Plaintiff's compensation had previously been lowered by agreement between the two parties; Defendants further aver that Mrs. Myers paid the amount of wages to Plaintiff in an amount previously adjudicated by the Wisconsin Department of Workforce Development and deny all other allegations contained in this paragraph of the Complaint.

20. Answering paragraph 20 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages in excess of $5,000.00, as Plaintiff's compensation had previously been lowered by agreement between the two parties; Defendants

further aver that Mrs. Myers paid the amount of wages to Plaintiff in an amount previously adjudicated by the Wisconsin Department of Workforce Development and deny all other allegations contained in this paragraph of the Complaint.

21. Answering paragraph 21 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages, as Plaintiff's compensation had previously been lowered by agreement between the two parties.

22. Answering paragraph 22 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages, as Plaintiff's compensation had previously been lowered by agreement between the two parties.

23. Answering paragraph 23 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages, as Plaintiff's compensation had previously been lowered by agreement between the two parties.

24. Answering paragraph 24 of the Plaintiff's Complaint, Defendants deny Mrs. Myers failed to pay agreed upon wages, as Plaintiff left employment with Mrs. Myers prior to the time period indicated and no wages were due to Plaintiff.

25. Answering paragraph 25 of the Plaintiff's Complaint, Defendants deny the allegations contained therein and put Plaintiff to her proof.

26. Answering paragraph 26 of the Plaintiff's Complaint, Defendants deny the allegations contained therein and Put Plaintiff to her proof.

27. Answering paragraph 27 of the Plaintiff's Complaint, Defendants aver that Tammy Myers is the sole shareholder of Mrs. Myers and has been its chief officer since the time of Mrs. Myers' organization and are without sufficient knowledge to form a

belief as to the truth of the vague allegations contained in this paragraph, and therefore deny.

28.     Answering paragraph 28 of the Plaintiff's Complaint, Defendants aver that Tammy Myers is the sole shareholder of Mrs. Myers and has been its chief officer since the time of Mrs. Myers' organization and are without sufficient knowledge to form a belief as to the truth of the vague allegations contained in this paragraph, and therefore deny.

29.     Answering paragraph 29 of the Plaintiff's Complaint, Defendants aver that Tammy Myers is the sole shareholder of Mrs. Myers and has been its chief officer since the time of Mrs. Myers' organization and are without sufficient knowledge to form a belief as to the truth of the vague allegations contained in this paragraph, and therefore deny.

<strong><u>FIRST CLAIM FOR RELIEF:</u></strong><br>
<strong>FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT</strong>

30.     Defendants reallege and reincorporate their prior responses to the preceding paragraphs by reference, as if fully set forth herein.

31.     Answering paragraph 31 of the Plaintiff's Complaint, Defendants admit Mrs. Myers engages in business in the state of Wisconsin and deny all other allegations contained in this paragraph and put Plaintiff to her proof.

32.     Answering paragraph 32 of the Plaintiff's Complaint, Defendants admit Mrs. Myers employs individuals in the state of Wisconsin and deny all other allegations contained in this paragraph and put Plaintiff to her proof.

33. Answering paragraph 33 of the Plaintiff's Complaint, Defendants admit generally that Mrs. Myers employed Plaintiff in the past and deny all other specific allegations contained in this paragraph and put Plaintiff to her proof.

34. Answering paragraph 34 of the Plaintiff's Complaint, Defendants admit, upon information and belief, that Plaintiff's summary of the relevant code provision is correct.

35. Answering paragraph 35 of the Plaintiff's Complaint, Defendants deny.

36. Answering paragraph 36 of the Plaintiff's Complaint, Defendants deny.

37. Answering paragraph 37 of the Plaintiff's Complaint, Defendants deny.

38. Answering paragraph 38 of the Plaintiff's Complaint, Defendants deny.

39. Answering paragraph 39 of the Plaintiff's Complaint, Defendants deny.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Defendants reallege and reincorporate their prior responses to the preceding paragraphs by reference, as if fully set forth herein.

41. Answering Paragraph 41 of the Plaintiff's Complaint, Defendants admit, upon information and belief, that Plaintiff's summary of the relevant code provision is correct.

42. Answering Paragraph 42 of the Plaintiff's Complaint, Defendants deny.

43. Answering Paragraph 43 of the Plaintiff's Complaint, Defendants deny.

44. Answering Paragraph 44 of the Plaintiff's Complaint, Defendants deny.

45. Answering Paragraph 41 of the Plaintiff's Complaint, Defendants deny.

46. Answering Paragraph 41 of the Plaintiff's Complaint, Defendants deny.

7

**THIRD CLAIM FOR RELIEF:**
**FAILURE TO PAY MINIMUM WAGES IN**
**VIOLATION OF WISCONSIN LAW**

47. Defendants reallege and reincorporate their prior responses to the preceding paragraphs by reference, as if fully set forth herein.

48. Answering Paragraph 48 of the Plaintiff's Complaint, Defendants admit that Mrs. Myers has had, and currently has, employees as defined under Wisconsin law, and continue to deny Tammy Myers has ever had any employees in any capacity.

49. Answering Paragraph 49 of the Plaintiff's Complaint, Defendants admit that Mrs. Myers previously employed Plaintiff under Wisconsin law in the past, and continue to deny Tammy Myers has ever had any employees in any capacity.

50. Answering Paragraph 50 of the Plaintiff's Complaint, Defendants aver and admit that Plaintiff's general summary of the relevant statute is correct.

51. Answering Paragraph 51 of the Plaintiff's Complaint, Defendants deny.

52. Answering Paragraph 52 of the Plaintiff's Complaint, Defendants deny.

53. Answering Paragraph 53 of the Plaintiff's Complaint, Defendants deny.

54. Answering Paragraph 54 of the Plaintiff's Complaint, Defendants deny.

55. Answering Paragraph 55 of the Plaintiff's Complaint, Defendants deny.

**FOURTH CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN**
**VIOLATION OF THE WISCONSIN LAW**

56. Defendants reallege and reincorporate their prior responses to the preceding paragraphs by reference, as if fully set forth herein.

57. Answering Paragraph 57 of the Plaintiff's Complaint, Defendants admit that Mrs. Myers has had, and currently has, employees as defined under Wisconsin law, and continue to deny Tammy Myers has ever had any employees in any capacity.

58. Answering Paragraph 58 of the Plaintiff's Complaint, Defendants admit that Mrs. Myers previously employed Plaintiff under Wisconsin law in the past, and continue to deny Tammy Myers has ever had any employees in any capacity.

59. Answering Paragraph 59 of the Plaintiff's Complaint, Defendants aver and admit that Plaintiff's general summary of the relevant statute is correct.

60. Answering Paragraph 60 of the Plaintiff's Complaint, Defendants deny.

61. Answering Paragraph 61 of the Plaintiff's Complaint, Defendants deny.

62. Answering Paragraph 62 of the Plaintiff's Complaint, Defendants deny.

63. Answering Paragraph 63 of the Plaintiff's Complaint, Defendants deny.

64. Answering Paragraph 64 of the Plaintiff's Complaint, Defendants deny.

**FIFTH CALIM FOR RELIEF:**
**FAILURE TO PAY AGREED UPON WAGES IN**
**VIOLATION OF THE WISCONSIN LAW**

65. Defendants reallege and reincorporate their prior responses to the preceding paragraphs by reference, as if fully set forth herein.

66. Answering Paragraph 66 of the Plaintiff's Complaint, Defendants admit that Mrs. Myers has had, and currently has, employees as defined under Wisconsin law, and continue to deny Tammy Myers has ever had any employees in any capacity.

67. Answering Paragraph 58 of the Plaintiff's Complaint, Defendants admit that Mrs. Myers previously employed Plaintiff under Wisconsin law in the past , and continue to deny Tammy Myers has ever had any employees in any capacity.

9

68.	Answering Paragraph 68 of the Plaintiff's Complaint, Defendants aver and admit that Plaintiff's general summary of the relevant statute is correct.

69.	Answering Paragraph 69 of the Plaintiff's Complaint, Defendants admit the alleged compensation was correct at the onset of Plaintiff's employment with Mrs. Myers and aver that the amount of Plaintiff's compensation was later altered by agreement of the two parties and deny all other allegations.

70.	Answering Paragraph 70 of the Plaintiff's Complaint, Defendants deny.

71.	Answering Paragraph 71 of the Plaintiff's Complaint, Defendants deny.

72.	Answering Paragraph 72 of the Plaintiff's Complaint, Defendants deny.

73.	Answering Paragraph 73 of the Plaintiff's Complaint, Defendants deny.

## AFFIRMATIVE DEFENSES

1) As and for a first affirmative defense, the Plaintiff has failed to state a claim upon which relief may be granted.

2) As and for a second affirmative defense, the Plaintiff has failed to mitigate damages, if Plaintiff, in fact, sustained any damages.

3) The Defendants reserve the right to assert additional affirmative defenses that may be ascertained during the course of discovery in these proceedings.

WHEREFORE, Defendants demand judgment:

a) Dismissing the Plaintiff's Complaint on the merits and with prejudice;

b) Awarding all applicable costs and attorneys' fees; and

c) Granting such further relief as may be appropriate.

Dated: March 6, 2025

FOLEY, SHANNON, POWERS & RUSCH, S.C.
Attorneys for Defendants Tammy Myers and TLM
Properties, LLC

By: ___*electronically signed by Eric J. Markusen*___
      Eric J. Markusen
      Wisconsin State Bar No. 1044693
      5605 Washington Avenue, Suite 5
      Mt. Pleasant, WI  53406
      Telephone: (262) 619-9000
      Facsimile: (262) 619-9970
      Email: ejm@legalteamwis.com

11