# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

AMANDA J. NASON,

        Plaintiff,

    v.                            Case No. 25-CV-199

MRS. MYERS' EDUCATION SERVICES INC., *et al.*,
        Defendants.

---

## ORDER

---

## 1. Background

Plaintiff Amanda Nason brings claims against Defendants Mrs. Myers' Education Services, Inc. d/b/a Mrs. Myers' Learning Lab, and Tammy Myers (hereinafter referred to collectively as "Myers"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and Wisconsin wage and hour laws. (ECF No. 1.) Nason alleges that she was employed by Mrs. Myers' Education Services, Inc. from June 20, 2022, through October 4, 2024, and has not been compensated for work performed between April and October 2024. (*Id.*, ¶ 10; ECF No. 24 at 1.)

## 2. Facts

On September 30, 2025, Nason filed an expedited motion to compel discovery responses. (ECF No. 18.) Myers did not respond to Nason's motion. On October 16, 2025,

the court held a telephonic status conference to address Nason's motion and ordered Myers to serve responses to Nason's First Set of Interrogatories and First Request for the Production of Documents by October 24, 2025. (ECF No. 21.)

On May 4, 2026, Nason filed a second motion to compel discovery responses. (ECF No. 23.) Myers has again failed to respond, so the court accepts the facts as set forth by Nason. On December 9, 2025, Myers provided only partial responses to Nason's First Set of Interrogatories and First Request for the Production of Documents. (ECF No. 24 at 1; ECF No. 25-2.) After deposing Tammy Myers and Mrs. Myers' Education Services, Inc., Nason's counsel identified additional deficiencies in Myers's discovery responses and requested supplemental production. (ECF No. 24 at 4–7.) Myers's counsel has either not responded to Nason's requests or continued to delay compliance. (*Id.*)

### 3. Motion to Compel

The scope of discovery is broad, and "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …" Fed. R. Civ. P. 26(b)(1). A request for discovery "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *AM Int'l Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981) (citing 8 Wright and Miller, *Federal Practice and Procedure*, Civil § 2008 (1970)). "The burden is on the objecting party to show why a particular discovery request

is improper." *EEOC v. Klockner H & K Machs.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citing *Powerlock Systems, Inc. v. Duo-Lok, Inc.*, 54 F.R.D. 578, 579 (E.D. Wis. 1972)).

When a party fails to respond to interrogatories or requests for production of documents, Federal Rule of Civil Procedure 37(a)(3)(B) provides that the party may file a motion to compel discovery. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* Civ. L. R. 37. Additionally, the movant must "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." *Id*. A motion to compel discovery under Rule 37(a) "is addressed to the sound discretion of the trial court." *Klockner H & K Machs.*, 168 F.R.D. at 235.

Nason's counsel filed an affidavit documenting his efforts to obtain the outstanding discovery documents. (ECF No. 25; ECF No. 25-3; ECF No. 25-4) His efforts included telephone conversations with Myers's counsel and several emails to which Myers's counsel did not reply. (*Id*.) Based on this record, Nason's counsel has complied with Rule 37 and Local Rule 37. Myers has not provided the court with any reason for repeatedly failing to comply with Nason's requests. *See Klockner H & K Machs.*, 168 F.R.D. at 235 (granting plaintiff's motion to compel discovery where the defendant's refusal to produce discovery responses was "not substantially justified").

Because Nason's requests for discovery are relevant to her claims, and because Myers did not respond to her motion, the court will grant Nason's second motion to compel discovery as unopposed. *See* Civ. L. R. 7(d) ("failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion"); *see also Davis v. Hannifin*, No. 13-C-0379, 2013 U.S. Dist. LEXIS 154034, at *2–3 (E.D. Wis. Oct. 22, 2013) (explaining that "a motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court").

4. **Sanctions**

Federal Rule of Civil Procedure 37(a)(5)(A), states that, if the court grants a motion to compel discovery, it "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court cannot order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. The possible sanctions for failure to obey an order to provide discovery include requiring the "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the

failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Myers had a reasonable opportunity to respond to Nason's second motion to compel discovery and did not do so. *See* Civ. L. R. 7(b). Nason's counsel made several attempts in good faith to obtain discovery without court action. (ECF No. 25; ECF No. 25-3; ECF No. 25-4.) Additionally, Myers's nondisclosure was not substantially justified, as the court ordered Myers to produce discovery by October 24, 2026—over seven months ago. (ECF No. 21.) Based on the history of this case, the court agrees with Nason's contention that "Defendants' discovery conduct has been a pattern of delay, evasion, and broken promises that stretches back to June 2025." (ECF No. 24 at 14.) Therefore, the court will order Myers to pay the reasonable attorney's fees and costs incurred by Nason in bringing her second motion to compel discovery.

Myers agreed on the record to pay for the reporting costs of Tammy Myers's second deposition after her first deposition was cut short because she fell ill. (ECF No. 26-1 at 102:10–16.) However, Myers has not yet paid the deposition's invoice. (ECF No. 24 at 4–5.) Accordingly, Nason requests an order requiring Myers to pay the invoice, in the amount of $1,810.55, within fourteen days. (*Id.* at 15.) She also requests an order requiring Myers to pay the expenses related to a third deposition, which is necessary only because Myers has not timely produced discovery documents. (*Id.*)

Nason's request is reasonable given Myers' promise to pay for the deposition and the ongoing failure to comply with discovery. Nason may file a separate motion to amend the scheduling order if she needs additional time to complete discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel Discovery Responses (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants must produce full and complete answers to Plaintiff's discovery requests within fourteen (14) days of this order.

**IT IS FURTHER ORDERED** that Defendants must pay the second Rule 30(b)(6) deposition transcript invoice, in the amount of $1,810.55, within fourteen (14) days of this order.

**IT IS FURTHER ORDERED** that Defendants must pay the expenses related to the third Rule 30(b)(6) deposition. Plaintiff is directed to file a fee request within fourteen (14) days of receiving that invoice. Defendant may file a response within seven (7) days of service of the fee request.

**IT IS FURTHER ORDERED** that Defendants must pay Plaintiff's reasonable expenses, including attorney's fees, incurred in making Plaintiff's motion to compel. Plaintiff is directed to file a fee request within fourteen (14) days of this order. Defendant may file a response within seven (7) days of service of the fee request.

[Signature Page Follows]

Dated at Milwaukee, Wisconsin this 3rd day of June, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge