UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**AMANDA J. NASON,**

**Plaintiff,**

**v.** **Case No. 25-CV-199**

**MRS. MYERS' EDUCATION SERVICES INC., *et al.*,**
**Defendants.**

---

# ORDER

---

## 1. Background

Plaintiff Amanda Nason brings claims against Defendants Mrs. Myers' Education Services, Inc. d/b/a Mrs. Myers' Learning Lab, and Tammy Myers (hereinafter referred to collectively as "Myers"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 and Wisconsin wage and hour laws. (ECF No. 1.) Nason alleges she was employed by Mrs. Myers' Education Services, Inc. from June 20, 2022, through October 4, 2024, and has not been compensated for work performed between April and October 2024. (*Id.*, ¶¶ 10–24.)

## 2. Facts

Nason first served discovery requests on Myers on June 23, 2025. (ECF No. 18 at 2.) When Myers failed to respond, Nason filed an expedited motion to compel. (ECF

No. 18.) Following a telephonic hearing with the parties, the court ordered Myers to serve responses by October 24, 2025. (ECF No. 21.)

On May 4, 2026, Nason filed a second motion to compel discovery responses. (ECF No. 23.) Myers did not respond to the motion, and on June 3, 2026, the court granted Nason's motion. (ECF No. 28.) Specifically, the court ordered Myers to provide "full and complete" answers to Nason's discovery requests and to pay a deposition invoice within fourteen days of the court's order. (ECF No. 28 at 6.) That deadline was June 17, 2026. The court also directed Nason to file a fee request for her expenses from a deposition and for attorney's fees from having to bring the second motion to compel. (ECF No. 28 at 6.) Instead of filing a fee request, the parties stipulated to an amount that Myers was to pay Nason. (ECF No. 29.) On June 11, 2026, the court granted this stipulated motion for expenses and fees to be paid within fourteen days. (ECF No. 30.) That deadline was June 25, 2026.

Fourteen days passed and Myers failed to pay either bill or revise any discovery response. (ECF No. 32 at 8.) Myers did not communicate a timeline for compliance or otherwise respond to the court's order within the fourteen-day deadline. (ECF No. 33 at 3.) As a result, Nason filed this motion for contempt and for sanctions. (ECF No. 32.) After Nason filed her motion, Myers paid the two outstanding invoices. (ECF No. 38, ¶ 2.) On September 9, 2026, Nason received additional discovery responses from Myers. (ECF No. 38, ¶¶ 2–3.)

### 3. Sanctions

Sanctions are permitted when a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Available sanctions include holding the disobeying party in contempt, limiting the disobeying party's ability to bring certain defenses, rendering default judgment, and staying the proceedings. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). The court must also direct the disobedient party to pay reasonable attorney's fees caused by the failure, unless the failure was "substantially justified." Fed. R. Civ. P. 37(b)(2)(C). If a party fails to provide information to supplement an earlier response, the disobedient party may not use that information to support a motion, at a hearing, or at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

#### 3.1. Civil contempt

"Sanctions for civil contempt may be imposed to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy; where compensation is intended, a fine may be imposed payable to the complainant." *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988) (internal citations omitted).

> To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

*SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

Myers was ordered to provide "full and complete" answers to Nason's discovery requests and to pay a $1,810.55 deposition invoice within fourteen days of the court's order—that is, by June 17, 2026. (ECF No. 28.) The court also directed Myers to pay $2,3000 within fourteen days of the court's June 11, 2026, order—that is, by June 25, 2026. (ECF No. 30.)

Nason did not receive any communication from Myers before those two deadlines. (ECF No. 33, ¶¶ 5–13.) It was only after Nason filed her motion for contempt and for discovery sanctions that Myers paid the two outstanding bills and revised some written discovery responses. (ECF No. 37 at 1.) Complying only after a motion for contempt has been filed does not preclude a contempt finding. *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005).

Myers concedes that it failed to comply with the court's order. (ECF No. 35 at 1–2.) But Myers argues that it is now in substantial compliance because it has since paid the two fees and provided responsive documents. (ECF No. 35 at 1–2.) Nason argues that Myers did not substantially comply because the belated production remains deficient. (ECF No. 6 at 5–7.) Nason's reply identifies three areas that remain deficient after Myers's September 9, 2026, document production: ADP (or payroll records), emails from Nason's work email, and group text messages. (ECF No. 37 at 2–4.)

Based upon Nason's reply, it appears that Myers still has not fully and completely responded to her discovery requests. There is reason to believe that Myers possesses outstanding, relevant discovery that it has not yet produced to Nason.

The court finds the defendants in contempt of court. The court orders Myers within fourteen days of this order to supply outstanding discovery responsive to Nason's requests for production as outlined in her reply brief (ECF No. 37) or revise its discovery responses. If discovery remains outstanding fourteen days after this order, Myers shall pay Nason's reasonable attorney fees and costs caused by the delay.

### 3.2. Additional sanctions

#### 3.2.1. Evidentiary sanctions and default

Nason requests the court prohibit Myers from presenting three defenses: that Nason did not work the number of hours she claims, that Nason's work performance was inadequate, and that Nason's records of the work she performed are inaccurate. (ECF No. 37 at 8.) Myers argues that there is no need to issue this sanction to ensure that they will comply with discovery. (ECF No. 35 at 5.)

Federal Rule of Civil Procedure 37(b)(2)(A)(ii) permits "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence."

Myers's discovery responses remain deficient. Before imposing the sanction authorized by Rule 37(b)(2)(A)(ii), the court will give Myers one final chance to fully and specifically respond to Nason's discovery requests within fourteen days of this order.

Nason asks for an entry of default if Myers does not fully comply with the court's order. (ECF No. 32 at 20–21.) Myers did not respond to this request.

"Default judgment is a strong medicine for discovery abuse. It is appropriate only where there is a clear record of delay or contumacious conduct, where other less drastic sanctions have proven unavailing, or where a party displays willfulness, bad faith, or fault." *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (internal quotations and citations omitted). There is no evidence that Myers will not comply with the court's order. Conditional default is not yet warranted here.

**3.2.2. Rule 37(c) sanctions**

In reply, Nason requests that Myers be prohibited from introducing any evidence, documents, or data that they produce after the close of discovery. (ECF No. 37 at 9.) Because this argument was brought up for the first time in reply, Myers did not oppose it.

Arguments raised for the first time in a reply brief are waived. *See Thomas v. Kijakazi*, No. 21-CV-1385, 2023 WL 5279646 at *16, 2023 U.S. Dist. LEXIS 143107 at *51 (E.D. Wis. Aug. 16, 2023); *see also Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019) (arguments not raised in opening brief to an appellate court are waived). Nason's motion

to prohibit Myers from supplying evidence on a motion, at a hearing, or at trial that it produced after the close of discovery is denied because it was first raised in Nason's reply brief.

**3.3. Expenses**

Nason requests reasonable attorney fees and costs incurred in bringing this motion. (ECF No. 32 at 18.) Myers requests that the court schedule a hearing to determine the amount of fees claimed. (ECF No. 35 at 4.) Nason replies that oral argument on the amount of fees is unnecessary and requests fourteen days to file a fee request, with a seven-day response deadline for Myers. (ECF No. 37 at 10.)

The court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to provide information]." Fed. R. Civ. P. 37(c)(1)(A). There is no reason to add expense and time by holding a hearing on the amount of attorney's fees owed to Nason. Nason shall file a fee request within fourteen days of this order and Myers may respond within seven days.

**3.4. Stay proceedings and reopen discovery**

Nason requests the court stay proceedings until Myers obeys the court's order and allow Nason 120 days after Myers has fully complied with the court's order to complete discovery. (ECF No. 32 at 16.) Myers does not object to staying proceedings or a 120-day extension to complete discovery. (ECF No. 35 at 3.)

The court possesses the authority to stay proceedings until an order is obeyed. Fed. R. Civ. P. 37(b)(2)(A)(iv). Discovery is stayed until Myers complies with the court's order. After Myers fully complies, the parties may have an additional 120 days to complete discovery. This includes Myers's deposition of Nason. (ECF No. 35 at 5.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Contempt and Discovery Sanctions (ECF No. 31) is **GRANTED in part and DENIED in part**. It is denied with respect to Plaintiff's motion to prohibit Defendants from bringing certain defenses, for default, and to prohibit Defendants from using any discovery requested but not produced after the deadline to produce discovery has passed. It is granted with respect to Plaintiff's motion for contempt.

**IT IS FURTHER ORDERED** that Defendants must pay Plaintiff's reasonable expenses, including attorney's fees, incurred in making Plaintiff's Motion for Contempt and Discovery Sanctions. Plaintiff is directed to file a fee request within fourteen (14) days of this order. Defendant may file a response within seven (7) days of service of the fee request.

**IT IS FURTHER ORDERED** that discovery is stayed until Defendants fully comply with the court's order. Defendants must produce full and complete answers to Plaintiff's discovery requests as detailed above within fourteen (14) days of this order. After Defendants fully comply, both parties shall have 120 days to complete discovery.

[Signature Page Follows]

Dated at Milwaukee, Wisconsin this 19th day of November, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge